UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| B.N.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:09-cv-771-WTL-DML |
| ) | |
| BRIAN HINDSON, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant United States Swimming, Inc.'s ("US Swimming") Motion to Dismiss Counts Seven, Eight, Nine, and Ten of Plaintiff B.N.T.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 21). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** US Swimming's motion for the reasons, and to the extent, set forth below.

### I.  RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.  BACKGROUND

B.N.T. originally filed this case in Hamilton County Superior Court.  The Defendants properly removed the cause to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

B.N.T.'s sixteen count Complaint alleges that over a period of years, her swimming coach, Brian Hindson, secretly videotaped her showering and dressing in various high school locker rooms.  Hindson is currently serving a 400 month sentence for producing, distributing, and possessing child pornography.[1]  In this suit, B.N.T. seeks damages from US Swimming, Central Indiana Aquatics, Westfield-Washington School Corporation, Kokomo-Center Township Consolidated School Corporation, and Noblesville School Corporation.[2]  She alleges that the Defendants' failure to supervise Hindson, as well as the School Defendants'[3] failure to control access to their locker rooms, caused her "mental anguish and distress."  Compl. ¶ 75.

## III.  DISCUSSION

US Swimming moves to dismiss Counts Seven, Eight, Nine, and Ten, of B.N.T.'s Complaint.  These claims allege: Intentional Infliction of Emotional Distress ("IIED"); Negligent Infliction of Emotional Distress ("NIED"); Invasion of Privacy by Public Disclosure of Private Facts; and Invasion of Privacy by Physical Intrusion.

### A.    Intentional infliction of emotional distress.

---

[1] The Clerk of this Court has entered Default against Hindson for failing to plead or defend this suit.

[2] BNT initially named Indiana Swimming, Inc. as a Defendant; however, on November 24, 2009, she voluntarily dismissed her suit against them.

[3] To be clear, the School Defendants are: Westfield-Washington School Corporation; Kokomo-Center Township Consolidated School Corporation; and Noblesville School Corporation.

The Indiana Supreme Court recognized the tort of IIED in 1991. *See Cullison v. Medley*, 570 N.E.2d 27, 30 (Ind. 1991). "The elements of the tort are that the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Lachenman v. Stice*, 838 N.E.2d 451, 456 (Ind. Ct. App. 2005) (citing *Branham v. Celadon Trucking Services, Inc.*, 744 N.E.2d 514, 523 (Ind. Ct. App. 2001)). A plaintiff alleging IIED has a heavy burden to carry, as "[t]he requirements to prove this tort are rigorous." *Id.* Generally IIED is only "found where conduct exceeds all bounds usually tolerated by a decent society and causes mental distress of a very serious kind." *Id.* at 457.

US Swimming asserts that it is not properly named it in Count Seven of the Complaint, and, even if it is properly named, B.N.T. has failed to allege that US Swimming acted intentionally or recklessly. The only time that Count Seven actually names US Swimming is when B.N.T. alleges that Hindson was "a coach of a US Swimming sanctioned club." Compl. ¶ 71. While B.N.T.'s Complaint would certainly be clearer if it specifically named the defendants, this alone does not lead to US Swimming's desired conclusion. The more significant problem for B.N.T. is that she never alleges that US Swimming did anything intentionally or recklessly. Although B.N.T. claims in her Response that US Swimming was reckless in (1) failing to monitor Hindson and (2) failing to inspect the facilities where Hindson's swimmers practiced, she is unable to direct the Court to the portions of her Complaint that support this assertion. The Court's review of B.N.T.'s Complaint also failed to reveal these facts.[4] Accordingly, US Swimming's Motion to Dismiss is **GRANTED** as to

---

[4] The Court did, however, find reference to the School Defendants' failure to inspect the locker rooms and failure to monitor Hindson.

Count Seven.

### B. Negligent infliction of emotional distress.

Indiana recognizes two theories of recovery for NIED– direct impact and bystander recovery. *See Lachenman,* 838 N.E.2d at 460.

Under the direct impact theory, a plaintiff may recover for NIED if the "plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person." *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991). "[T]he impact need not cause a physical injury to the plaintiff and the emotional trauma suffered by the plaintiff need not result from a physical injury caused by the impact." *Conder v. Wood*, 716 N.E.2d 432, 434 (Ind. 1999). In short, "it matters little how the physical impact occurs, so long as that impact arises from the plaintiff's direct involvement in the tortfeasor's negligent conduct." *Id.* at 435.

In contrast to the direct impact theory, the bystander theory does not require a physical impact. To recover under the bystander theory, a plaintiff must prove "that the plaintiff actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortious conduct." *Groves v. Taylor*, 729 N.E.2d 569, 573 (Ind. 2000). Thus, a bystander must be able to show that he: (1) witnessed; (2) a fatal or serious physical injury caused by the defendant's negligent conduct; (3) to a spouse, parent, child, grandparent, grandchild or sibling. *Blackwell v. Dykes Funeral Homes, Inc.*, 771 N.E.2d 692, 696 (Ind. Ct. App. 2002), *trans. denied*.

In the instant case, B.N.T. proceeds under the direct impact theory. However, B.N.T.'s Complaint fails to allege that she suffered any sort of physical impact. As the *Lachenman* court noted, "[s]o far as our research has revealed, aside from cases involving the bystander rule . . . , the only cases in which a direct, physical impact was not a prerequisite for recovery for negligent infliction of emotional distress involved medical malpractice." *Lachenman*, 838 N.E.2d at 460. B.N.T. attempts to avoid this shortcoming by claiming that "[b]eing video taped nude without your consent is a search under the Fourth Amendment" and that a "search by its very definition is a physical impact." Pl. Resp. at 3-4. This is inapposite. Simply stated, in Indiana, in order to recover for NIED under the direct impact theory, a plaintiff must show that a defendant negligently made some sort of contact with the plaintiff. *See, e.g.*, *Bader v. Johnson*, 732 N.E.2d 1212, 1221 (Ind. 2000) (physical changes associated with continued pregnancy); *Alexander v. Scheid*, 726 N.E.2d 283-84 (Ind. 2000) (destruction of healthy lung tissue due to physician's malpractice); *Conder*, 716 N.E.2d at 434 (hitting truck to prevent it from running over pedestrian); *Shuamber*, 579 N.E.2d at 456 (automobile accident). Because B.N.T. does not allege any actual physical impact, US Swimming's Motion to Dismiss is **GRANTED** as to Count Eight.

  C. **Invasion of privacy.**

Counts Nine and Ten of the Complaint allege that US Swimming's failure to monitor Hindson invaded B.N.T.'s privacy and allowed "an unascertainable global audience" to view "private, sexual facts concerning BNT." Compl. ¶ 88. This invasion "sexually humiliated [B.N.T.] in front of a global audience." *Id.* ¶ 96.

"The tort of invasion of privacy may take one of four forms in Indiana: public disclosure

5

of private facts, intrusion, appropriation, and false light in the public eye." *Ledbetter v. Ross*, 725 N.E.2d 120, 123 (Ind. Ct. App. 2000) (citing *Watters v. Dinn*, 666 N.E.2d 433, 437 (Ind. Ct. App. 1996)); *see also Mills v. Kimbley*, 909 N.E.2d 1068, 1079 (Ind. Ct. App. 2009) ("[t]he general tort known as invasion of privacy has four strands"). Although B.N.T. pleads her invasion of privacy claim in two separate counts of the Complaint, she is actually alleging one tort. *See* Restatement (Second) of Torts § 652A (1977). Thus, Counts Nine and Ten of the Complaint are best addressed together.

Indiana courts have recognized that the privacy tort is inherently fact sensitive. Indeed, in *Mills v. Kimbley*, 909 N.E.2d 1068, 1080 (Ind. Ct. App. 2009), the Indiana Court of Appeals noted the fact-intensive nature of the tort and its requirement that the impact be assessed on a reasonable person and reversed the trial court's grant of summary judgment. The plaintiff in *Mills* alleged that the defendant "had videotaped him and his guests in the private areas of his garage and the room above his garage, as well as in his backyard pool and other areas of his yard which were allegedly fully shielded from view." *Id.* at 1079. Because there was an issue of material fact regarding the extent to which the surveillance was not "otherwise open to the public," the court remanded for trial. *Id.* at 1080.

The instant case is analogous to *Mills.* On the facts alleged by B.N.T. there is an issue of material fact regarding whether B.N.T. had a privacy interest in the locker room, and if so, whether US Swimming's alleged inaction resulted in an invasion of that privacy. Accordingly, US Swimming's Motion to Dismiss is **DENIED** as to Counts Nine and Ten.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** US

Swimming's Motion to Dismiss (Docket No. 21).

      SO ORDERED:  12/07/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

Jonathan Charles Little
Law Offices of Jonathan Little
jonlittlelaw@gmail.com

Bernard Lowell Pylitt
Katz & Korin P.C.
bpylitt@katzkorin.com

Thomas E. Wheeler II
Frost Brown Todd LLC
twheeler@fbtlaw.com