UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BROOKE N. TAFLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-00771-TWP-DML |
| | ) | |
| BRIAN HINDSON, CENTRAL INDIANA AQUATICS, UNITED STATES SWIMMING, INC., and WESTFIELD-WASHINGTON SCHOOL CORPORATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants', Westfield-Washington School Corporation (the "School") and United States Swimming, Inc. ("U.S. Swimming"), Motions for Summary Judgment (Dkt. 100 and Dkt. 103). This case centers around Brian D. Hindson's ("Hindson") clandestine filming of Brooke N. Taflinger ("Taflinger" or "Plaintiff") while Hindson was Taflinger's club swim team instructor in 2000. For the reasons discussed below, the Court **GRANTS IN PART** the School's Motion for Summary Judgment (Dkt. 100). Because the Court concludes that summary judgment for the School is appropriate on Taflinger's federal claims, it declines to address the merits of Taflinger's state law claims and **REMANDS** this case to state court.

**I. SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubts as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## II. BACKGROUND

In 1998, Brian Hindson founded Westfield Area Swimmers, which later became Central Indiana Aquatics (referred to throughout as Hindson's "club team"). Hindson's club team was organized under the auspices of U.S. Swimming, a non-profit corporation comprised of thousands of coaches and hundreds of thousands of swimmers who are all voluntary, paying members of the organization. U.S. Swimming regulates its swimmers' technique and times their performances in sanctioned competitions to ensure that swimmers are eligible to represent the United States at the Olympics.

2

Taflinger first became acquainted with Hindson in 1997 when Taflinger was a sophomore at Kokomo high school. Eventually, Taflinger joined Hindson's club team and received a swimming scholarship from the University of Florida. During the summer of 2000, the summer after Taflinger's high school graduation, Hindson's club team used the School's pool for practices. Hindson had unrestricted access to the School's pool and facilities. On Fridays, the School's swim coach relied on Hindson to run the School's afternoon swim practice. Hindson also ran the School's swim practices over Thanksgiving and winter vacations. Similarly, the School's off-season conditioning program was under Hindson's charge.

At different times, Hindson offered to let some of his swimmers, including Taflinger, use the School's coaches' office as a changing room. Unbeknownst to Taflinger, Hindson had placed a video camera in a padlocked locker to record footage of Taflinger and others changing in the coaches' office.

In 2008, the FBI received a report that Hindson had sold a computer on eBay that contained pornographic images. After obtaining a search warrant, the FBI searched Hindson's residence and seized video footage of Taflinger changing out of her clothes and into a bathing suit. The FBI also seized video footage of other swimmers in various states of undress. Eventually, Hindson pled guilty to eleven counts of production of child pornography, four counts of distribution of child pornography, and one count of possession of child pornography. He is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, where he is serving a 400 month sentence with lifetime supervision upon release.

The Court adds additional facts as needed below.

## III. DISCUSSION

### Count I: 4th Amendment-42 U.S.C. § 1983 claims

In her Complaint, Taflinger alleges that the School violated her Fourth Amendment rights by turning a blind eye to the substantial risk that Hindson would exploit his privileges at the School to satisfy his sexual appetite for young women. It is undisputed and plaintiff has admitted in her pleadings that Hindson was not an employee of the school, but instead was a private actor. As heightened as that risk may have been, the Fourth Amendment does not apply to searches or seizures performed by private individuals. *U.S. v. Ginglen*, 467 F.3d 1071, 1074 (7th Cir. 2006). See also U.S. v. Steiger, 318 F.3d 1039, 1045 (11th Cir. 2003)("A search by a private person does not implicate the Forth amendment unless he acts as an instrument or agent of the government.")

If an individual's purpose in conducting a search was to further his or her own ends, and not to assist law enforcement, the Fourth Amendment is not implicated. *U.S. v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997). Taflinger has not suggested that Hindson's behavior was motivated by a desire to assist the School in a law enforcement capacity. *Cf. Wallace by Wallace v. Batavia School Dist.*, 68 F.3d 1010, 1013 (7th Cir. 1995) (recognizing that investigatory and administrative school searches are subject to Fourth Amendment protection.) Further there is no evidence to show that Hindson was acting as an agent of the school when he conducted the videotaping and it is undisputed that Hindson's purpose in videotaping was performed solely to further his own private prurient interest. Accordingly, summary judgment is **GRANTED** for the School on Taflinger's § 1983 claims.

### Count V: Title IX Claims

Taflinger also pled claims for gender discrimination under Title IX of the Education

Amendments of 1972 ("Title IX").  Taflinger was never a student at the high school and presents only a conclusory statement that "Hindson's activities were a part of Westfield's educational program." Taflinger has not alleged that she was subjected to discrimination because of her gender "under any education program or activity"of the School. She does however assert that the School "should have known"of Hindson's covert videotaping.

The School argues that Taflinger has failed to demonstrate that the School had actual knowledge of Hindson's behavior, so as to impose Title IX liability.  *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599 (7th Cir. 2009) ("[A] school district is subject to [Title IX liability] only where it is deliberately indifferent to *known* acts of discrimination or harassment.") (emphasis in original). The Court is persuaded. Taflinger does not seriously contest this argument, and there is no reasonable evidence suggesting that the School had actual knowledge of Hindson's clandestine videotaping of swimmers in the School's coaches' office. The "should have known" argument is unsupported and unpersuasive. Hindson deliberately sought to and did in fact conceal his criminal actitivity from everyone, including the school. The videotaping of plaintiff was done in 2000 and his actions were not discovered until his computer was sold on eBay and the videos disclosed  in 2008.  Accordingly, summary judgment is **GRANTED** for the School on Taflinger's Title IX claims.

### Count VIII: Negligent Infliction of Emotional Distress (State claim)

Plaintiff moved to dismiss the state law claim of negligent infliction of emotional distress. This Court will GRANT the motion to dismiss count VIII.

### Count VII, IX, X, XII and XIII-State Law Claims

Taflinger's case was removed to this Court because Taflinger brought the claims

discussed above under the Constitution and laws of the United States. *See* 28 U.S.C. § 1441(b); Dkt. No. 1 at 2. No alternative basis exists for this Court's jurisdiction. *See Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (Jurisdiction under 28 U.S.C. § 1332 "require[s] complete diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen)."). Under the doctrine of pendent jurisdiction, a district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon*, 484 U.S. at 350. However, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *see also Leister v. Dovetail, Inc.*, 546 F.3d. 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). In this case, the Court concludes that the factors articulated by the *Carnegie-Mellon* Court weigh in favor of remanding Taflinger's remaining state law claims to Hamilton County, Indiana.

### IV. CONCLUSION

For the reasons discussed above, the School's Motion for Summary Judgment (Dkt. 100) is **GRANTED in part** as to the federal claims: Count I- 4th Amendment Violation and Count V-

Title IX Violation. The claim for Count VIII, Negligent Infliction of Emotional Distress, is **DISMISSED.** The remaining state law claims in Dkt 100 and the state law claims in Dkt. 103 (U.S. Swimming, Inc. Motion for Summary Judgment), are **REMANDED** to the Hamilton County Superior Court. All pending motions (Dkt.136 and Dkt. 151) are **DENIED AS MOOT**. This case is hereby **REMANDED** to the Hamilton County Superior Court. A separate judgment shall issue in favor of the School for the claims in Counts I, V and VIII.

SO ORDERED: 01/26/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**B. Robert Allard**
CORSIGLA MCMAHON AND ALLARD
rallard@cmalaw.net

**James M. Curran**
LAW OFFICE OF JAMES M. CURRAN
jmc@currantriallaw.com,jimcurrantriallaw@yahoo.com

**Kristopher N. Kazmierczak**
KATZ & KORIN P.C.
kkazmierczak@katzkorin.com,vellis@katzkorin.com

**Jonathan Charles Little**
LAW OFFICES OF JONATHAN LITTLE
jonlittlelaw@gmail.com,jonlittle2004@yahoo.com

**Bernard Lowell Pylitt**
KATZ & KORIN P.C.
bpylitt@katzkorin.com,vellis@katzkorin.com

**Thomas E. Wheeler , II**
FROST BROWN TODD LLC
twheeler@fbtlaw.com,kdickerson@fbtlaw.com