# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE N. TAFLINGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:09-cv-00771-TWP-DML |
| BRIAN HINDSON, CENTRAL INDIANA AQUATICS, UNITED STATES SWIMMING, INC., and WESTFIELD-WASHINGTON SCHOOL CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ENTRY ISSUING JUDGMENT IN FAVOR OF WESTFIELD-WASHINGTON SCHOOL CORPORATION ON REMAINING PENDING STATE LAW CLAIMS

Given the parties' familiarity with this case, the Court will provide only a brief summary of the procedural history leading up to the present entry. On January 26, 2011, the Court entered summary judgment in favor of Defendant Westfield-Washington School Corporation (the "School") on all federal claims and Plaintiff's state law claim for negligent infliction of emotional distress. The Court then opted not to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, remanding them back to Hamilton Superior Court No. 2. In response, the School and Co-Defendant United States Swimming, Inc. ("U.S. Swimming") appealed, arguing that the Court abused its discretion by not maintaining supplemental jurisdiction over the remaining state law claims. The Seventh Circuit agreed, remanding the state law claims back to this Court.

Importantly, in its order, the Seventh Circuit telegraphed how this Court should rule on the pending state law claims, remarking that the outcome of the summary judgment motions "is clear." Now, Plaintiff appears to concede that her claims against the School must fail.

Therefore, the Court believes that, at this time, judgment must be entered in favor of the School. Moreover, given the Seventh Circuit's order, it appears that if Plaintiff's claims against the School fail, then the claims against U.S. Swimming must meet the same fate. After all, the Seventh Circuit described the claims against U.S. Swimming as "even more tenuous."

Undeterred, Plaintiff has now asked the Court to re-open discovery with respect to U.S. Swimming. Given this outstanding issue, the Court believes it would be premature to enter judgment in favor of U.S. Swimming. Notably, however, nothing in this entry should be taken as insight into the Court's views on the merits of Plaintiff's request to re-open discovery. The Court will address this discovery issue – and whether judgment should be entered immediately in U.S. Swimming's favor – in due course, as soon as its docket allows.

**JUDGMENT** is entered in favor of Westfield-Washington School Corporation. Plaintiff shall take nothing by way of her complaint to the extent it applies to Westfield-Washington School Corporation. At this time, a final judgment in this case will not issue as the claims against U.S. Swimming remain unresolved.

SO ORDERED: 11/14/2011

Laura A. Briggs, Clerk

BY: _____
Deputy Clerk, U. S. District Court

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

**B. Robert Allard**
CORSIGLA MCMAHON AND ALLARD
rallard@cmalaw.net

**James M. Curran**
LAW OFFICE OF JAMES M. CURRAN
jmc@currantriallaw.com,jimcurrantriallaw@yahoo.com

**Kristopher N. Kazmierczak**
KATZ & KORIN P.C.
kkazmierczak@katzkorin.com,vellis@katzkorin.com

**Jonathan Charles Little**
LAW OFFICES OF JONATHAN LITTLE
jonlittlelaw@gmail.com,jonlittle2004@yahoo.com

**Bernard Lowell Pylitt**
KATZ & KORIN P.C.
bpylitt@katzkorin.com,vellis@katzkorin.com

**Thomas E. Wheeler , II**
FROST BROWN TODD LLC
twheeler@fbtlaw.com,kdickerson@fbtlaw.com