UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE N. TAFLINGER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:09-cv-0771-TWP-DML |
| | ) |
| BRIAN HINDSON, CENTRAL INDIANA | ) |
| AQUATICS, UNITED STATES SWIMMING, | ) |
| INC., and WESTFIELD-WASHINGTON | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT UNITED STATES SWIMMING, INC.'S
MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendant, United States Swimming, Inc. ("USA Swimming"), respectfully moves pursuant to Fed. R. Civ. P. 54(b) and 58(d) for the Court to enter final judgment in its favor based upon the Court's Entry of Summary Judgment [Doc. No. 217]. In support of this Motion, USA Swimming states:

    1.    On April 25, 2012, the Court entered Summary Judgment in favor of USA Swimming and against the Plaintiff on all of Plaintiff's alleged claims against USA Swimming.

    2.    As of the date of this filing, the Court has not made a separate entry of judgment pursuant to Rule 58.

    3.    Rule 54(b) provides in relevant part:

**Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . .

4.      Rule 54(b) permits entry of a partial final judgment only "when all of one party's claims or rights have been adjudicated or when a distinct claim has been fully resolved with respect to all parties." *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004).

5.      "Decisions are final when they 'end [ ] the litigation and leave [ ] nothing to be decided in district court'". *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011). Therefore, for a Rule 54(b) ruling to be proper, the Court, in addition to determining the absence of any reason for delay, must also find that the claim satisfies the definition of finality under 28 U.S.C. § 1291; in other words, it must be determined that there is nothing left to be decided by the Court as to USA Swimming. *Id*.

6.      The factual and procedural posture of this case, as it concerns USA Swimming, supports the entry of final judgment in favor of USA Swimming.

7.      First, there is nothing left for the District Court to rule on with respect to Plaintiff's claims against USA Swimming as summary judgment has been entered in favor of USA Swimming on all claims raised by Plaintiff in her Complaint. Second, there is no just reason for delay. Judgment has already been entered in favor of Defendant Westfield-Washington School Corporation and Plaintiff has recently moved for the entry of default judgment against the remaining Defendants. Thus, there is no reason to postpone the entry of final judgment against USA Swimming based upon the current procedural posture of this case and by virtue of summary judgment being entered in its favor on all claims.

8.      A proposed order has not been submitted due to the District Court's use of a standard form for the Entry of Judgment.

WHEREFORE, USA Swimming respectfully requests the Court to enter final judgment pursuant to Rules 54(b) and 58(d) and for all other relief which is just and proper in the premises.

Respectfully submitted,

*/s/ Bernard L. Pylitt*
Bernard L. Pylitt, Attorney No. 5851-49
Kristopher N. Kazmierczak, Attorney No. 19430-49
Katz & Korin, PC
334 North Senate Avenue
Indianapolis, IN  46204
Office: (317) 464-1100
Fax: (317) 464-1111
Email: bpylitt@katzkorin.com
          kkaz@katzkorin.com
*Attorneys for Defendant United States Swimming, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Jonathan C. Little<br>*Attorney for Plaintiff* | jonlittlelaw@gmail.com |
| James Curran<br>Law Offices of James Curran<br>*Attorney for Plaintiff* | jimcurrantriallaw@yahoo.com |
| B. Robert Allard<br>*Attorney for Plaintiff* | rallard@cmalaw.net |
| Thomas E. Wheeler, II<br>FROST BROWN TODD, LLC<br>*Attorney for Defendant Westfield Washington School Corporation* | twheeler@fbtlaw.com |

I hereby certify that on the 7th day of May, 2012, a copy of the foregoing was mailed, by first class, United States mail, postage prepaid and properly addressed to the following:

Brian D. Hindson
Inmate #08820028
Marianna FCI Navajob Unit
3625 FCI Road
Marianna, FL  32446

                                                  */s/ Bernard L. Pylitt*
                                                  Bernard L. Pylitt

Bernard L. Pylitt
Kristopher N. Kazmierczak
Katz & Korin, PC
334 North Senate Avenue
Indianapolis, IN  46204
Office: (317) 464-1100
Fax: (317) 464-1111
Email: bpylitt@katzkorin.com
         kkaz@katzkorin.com