UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE N. TAFLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:09-cv-00771-TWP-DML |
| ) | |
| BRIAN HINDSON, CENTRAL INDIANA ) | |
| AQUATICS, UNITED STATES SWIMMING, ) | |
| INC., and WESTFIELD-WASHINGTON ) | |
| SCHOOL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the Court on Plaintiff Brooke N. Taflinger's ("Taflinger") Opposition to Defendant United States Swimming, Inc.'s ("USA Swimming") Bill of Costs. On April 25, 2012 the Court made an Entry on Pending Motions (Dkt. #217), which among other things granted USA Swimming's Motion for Summary Judgment, however, final judgment was not entered on that date. This Court entered final judgment in favor of USA Swimming (Dkt. #224) on May 8, 2012.

S.D. IND. Local Rule 54-1(a) provides in relevant part that, "a party cannot recover attorney's fees and costs unless the party files and serves a bill of costs and a motion for fees within 14 days after final judgment is entered." USA Swimming filed their Notice of Bill of Costs (Dkt. # 225) on May 11, 2012 and incorrectly or inadvertently, inserted April 25, 2012 as the date final judgment was entered. Shortly thereafter, on May 18, 2012, Taflinger filed an Objection and argued that USA Swimming's Bill of Cost was untimely filed, therefore U.S. Swimming had waived its right to costs. That same day, USA Swimming filed its Corrected Bill

of Costs to accurately reflect May 8, 2012 as the date of final judgment. Accordingly, this Court finds that USA Swimming's Bill of Costs was timely filed and Taflinger's objection to untimely filing is overruled.

Fed. R. Civ. P. Rule 54(d)(1) directs that costs "should be allowed to the prevailing party," unless "a federal statute, these rules, or a court order provides otherwise." Specifically, costs are limited to the items set forth in 28 U.S.C. § 1920, which include: (1) fees of the clerk and the marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920. As the Seventh Circuit has recognized, the strong presumption "in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, Ltd., 126 F.3d 926, 945 (7th Cir. 1997).

USA Swimming seeks $5,685.02 in costs. (Dkt. #227.) The Court has carefully reviewed the itemized expenses, costs, receipts and invoices and finds all costs to be reasonable and appropriate. Further, Taflinger has not cast doubt on the necessity of any of these costs. Having found that the Bill of Costs was timely filed, USA Swimming's requests for costs is **GRANTED** in the amount of $ 5,685.02.

SO ORDERED:   08/06/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

B. Robert Allard
CORSIGLA MCMAHON AND ALLARD
rallard@cmalaw.net

James M. Curran
LAW OFFICE OF JAMES M. CURRAN
jmc@currantriallaw.com

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkazmierczak@katzkorin.com

Jonathan Charles Little
LAW OFFICES OF JONATHAN LITTLE
jonlittlelaw@gmail.com

Bernard Lowell Pylitt
KATZ & KORIN P.C.
bpylitt@katzkorin.com

Thomas E. Wheeler , II
FROST BROWN TODD LLC
twheeler@fbtlaw.com